NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | Civil Case No. 12-5872 (FSH) |
| v. | **OPINION & ORDER** |
| EMPCO CONTRACTING, INC., et al., | Date: October 22, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Utica Mutual Insurance Company's ("Utica" or "Plaintiff") Motion for Default Judgment [Dkt. No. 29] pursuant to Federal Rule of Civil Procedure 55(b). This motion is unopposed. For the reasons stated below, the Court grants Utica's Motion for Default Judgment against defendant Empco Contracting, Inc. This Court has considered the submissions pursuant to Federal Rule of Civil Procedure 78; and

it appearing that Utica filed its Complaint on September 19, 2012 [Dkt. No. 1] alleging, *inter alia*, breach of contract due to Empco Contracting, Inc.'s failure to indemnify; and

it appearing that Utica served summons and complaint on Empco Contracting, Inc. on October 2, 2012 [Dkt. No. 5]; and

it appearing that Empco Contracting, Inc. failed to answer or defend this action in any manner; and

it appearing that Utica requested entry of default on December 10, 2012 [Dkt. No. 9] and the Clerk of the Court entered default as to Empco Contracting, Inc. the same day [Dkt. No. 10]; and

it appearing that Utica served this Motion for Default Judgment on defendant Empco Contracting, Inc. on September 16, 2013 [Dkt. No. 29-11]; and

it appearing that despite the time to do so having passed, and defendant Empco Contracting, Inc. has not filed any response or opposition to Plaintiff's Motion for Default Judgment; and

it appearing that the proof submitted by Plaintiff establishes that Empco Contracting, Inc. agreed to indemnify Utica, jointly and severally, for any and all damages, costs and expenses, including attorney's fees, incurred as a result of claims under any surety bonds issued to Empco or in enforcing the terms of the indemnity agreement;[1] and

it appearing that the proof submitted by Plaintiff establishes that Utica issued several performance, labor, union, and material bonds to Empco in connection with Empco's work at various construction projects; and

---

[1] The relevant part of the agreement states:

> The Indemnitors will indemnify and save the Company [Utica] harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Company [Utica] may pay or incur in consequence of having executed, or procured the execution of, such bonds, or any renewals or continuations thereof or substitutes therefor, including fees of attorneys, whether on salary, retainer or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement.

[Dkt. No. 29-2.] Defendant Elizabeth Reynholds signed this agreement on behalf of Empco Contracting, Inc.

it appearing the proof submitted by Plaintiff establishes that Utica began receiving claims from Empco's subcontractors and suppliers under the labor and material bonds; and

it appearing the proof submitted by Plaintiff establishes that Utica retained Beacon Consulting Group, Inc. to provide assistance in investigating the claims as well as to ensure that the contract funds were utilized for the payment of project-related costs and expenses; and

it appearing that Empco notified Utica that it would not be able to continue performance of its construction work; and

it appearing that the proof submitted by Plaintiff establishes that Utica suffered a loss of $1,100,994.31 for the settlement of bond claims, finishing the project work, and paying counsel and consulting fees incurred in connection with the bond claims and to enforce the indemnity agreement; and

it appearing that the proof submitted by Plaintiff establishes that Utica mitigated its losses by recovering some of the contract balances in the amount of $511,261.49 such that the net loss due to the suretyship of Empco is $589,732.82; and

it appearing that the proof submitted by Plaintiff establishes that Utica attempted to recover its losses from defendant Empco Contracting, Inc. but was not able to recover its damages;

**IT IS THEREFORE** on this 22nd day of October, 2013,

**ORDERED** that Utica's Motion for Default Judgment against defendant Empco Contracting, Inc. [Dkt. No. 29] is **GRANTED**, this amount will be made up of:

(a) Consulting fees to Beacon in the amount of $221,758.59, subject to an adequate showing of proof;

(b) Counsel fees to Torre, Lentz, Gamell, Gary and Rittmaster, LLP in the amount of $37,432.32, subject to an adequate showing of proof;

(c) Counsel fees to Westermann Sheehy Keenan Samaan & Aydelott, LLP in the amount of $34,048.68, subject to an adequate showing of proof;

(d) And net project losses of $296,493.23; and it is further

**ORDERED** that within **14 days** of the date of this Order, Plaintiff shall submit to the Court a proposed judgment with respect to Empco Contracting, Inc. for entry by the Court, which includes the full amount due and owing to Plaintiff along with supporting documentation for Beacon's consulting fees and counsel fees.

                               **IT IS SO ORDERED.**

                               **/s/ Faith S. Hochberg_____**
                               **Hon. Faith S. Hochberg, U.S.D.J.**