# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | Civil Case No. 12-5872 (FSH) |
| v. | **OPINION & ORDER** |
| EMPCO CONTRACTING, INC., et al., | Date: October 22, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Utica Mutual Insurance Company's ("Utica" or "Plaintiff") Motion for Summary Judgment [Dkt. No. 28]. This motion is unopposed. For the reasons stated below, the Court grants-in-part and denies-in-part Utica's Motion for Summary Judgment. Specifically, the Court grants Utica's Motion for Summary Judgment against defendant Gregory Reynholds and denies Utica's Motion for Summary Judgment against defendant Elizabeth Reynholds without prejudice.[1] This Court has considered the submissions pursuant to Federal Rule of Civil Procedure 78;[2] and

---

[1] As Utica recognized in its response to the Court's Order to Show Cause dated September 20, 2013, this matter is automatically stayed against defendant Elizabeth Reynholds due to her Chapter 7 bankruptcy case, filed on September 19, 2013. 11 U.S.C. § 362; [s*ee also* Dkt. No. 34].

[2] This matter involves a breach of contract claim by Utica against Defendants. Specifically, Utica alleges that Defendants agreed to indemnify it with respect to various surety bonds issued on behalf of Empco Contracting, Inc.

it appearing that pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); and

it appearing, in other words, that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party;" *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing that all facts and inferences must be construed in the light most favorable to the nonmoving party; *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994); and

it appearing that the party seeking summary judgment always bears the initial burden of production; *Celotex Corp.*, 477 U.S. at 323; and

it appearing that this requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue for which it bears the burden; *see id.* at 322-23; and

it appearing that Rule 56(e) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it;" and

it appearing that it is well settled that "this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond;" *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990); and

it appearing that in considering an unopposed summary judgment motion, it is entirely appropriate for this Court to treat all of the facts properly supported by the movant to be uncontroverted; *see id*. at 176; *Longoria v. New Jersey*, 168 F. Supp. 2d 308, 312, n.1 (D.N.J. 2001) (holding that where plaintiff had not submitted a Rule 56.1 statement, the court would treat the facts in the defendant's Rule 56.1 statement as admitted unless controverted in the plaintiff's briefs or contradicted by the evidence); *see also Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992); and

it appearing that despite the time to do so having passed, and Defendants have not filed any response or opposition to Plaintiff's Motion for Summary Judgment; and

it appearing that the proof submitted by Plaintiff establishes that Gregory Reynholds agreed to indemnify Utica, jointly and severally, for any and all damages, costs and expenses, including attorney's fees, incurred as a result of claims under any surety bonds issued to Empco or in enforcing the terms of the indemnity agreement;[3] and

---

[3] The relevant part of the agreement states:
> The Indemnitors will indemnify and save the Company [Utica] harmless from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the Company [Utica] may pay or incur in consequence of having executed, or procured the execution of, such bonds, or any renewals or continuations thereof or substitutes therefor, including fees of attorneys, whether on salary, retainer or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement.

[Dkt. No. 28-2.] Defendant Gregory Reynholds signed this agreement.

it appearing that the proof submitted by Plaintiff establishes that Utica issued several performance, labor, union, and material bonds to Empco in connection with Empco's work at various construction projects; and

it appearing the proof submitted by Plaintiff establishes that Utica began receiving claims from Empco's subcontractors and suppliers under the labor and material bonds; and

it appearing the proof submitted by Plaintiff establishes that Utica retained Beacon Consulting Group, Inc. to provide assistance in investigating the claims as well as to ensure that the contract funds were utilized for the payment of project-related costs and expenses; and

it appearing that Empco notified Utica that it would not be able to continue performance of its construction work; and

it appearing that the proof submitted by Plaintiff establishes that Utica suffered a loss of $1,100,994.31 for the settlement of bond claims, finishing the project work, and paying counsel and consulting fees incurred in connection with the bond claims and to enforce the indemnity agreement; and

it appearing that the proof submitted by Plaintiff establishes that Utica mitigated its losses by recovering some of the contract balances in the amount of $511,261.49 such that the net loss due to the suretyship of Empco is $589,732.82; and

it appearing that the proof submitted by Plaintiff establishes that Utica attempted to recover its losses from defendant Gregory Reynholds but was not able to recover its damages; and

it appearing that recovery under indemnification agreements have been upheld by New Jersey Courts (*see Andre Const. Assoc., Inc. v. Catel, Inc.*, 293 N.J. Super. 452, 455, 681 A.2d 121, 123 (Ch. Div. 1996) ("Where the obligations of the parties are clear and unambiguously set

forth in the indemnity agreement, the court should summarily enforce such indemnification provisions.")); and

it appearing that there is no evidence to suggest disputed issues of material fact with respect to the motion for summary judgment against Gregory Reynholds;

**IT IS THEREFORE** on this 22nd day of October, 2013,

**ORDERED** that Utica's Motion for Summary Judgment against defendant Gregory Reynholds is **GRANTED**, this amount will be made up of:

(a) Consulting fees to Beacon in the amount of $221,758.59, subject to an adequate showing of proof;

(b) Counsel fees to Torre, Lentz, Gamell, Gary and Rittmaster, LLP in the amount of $37,432.32, subject to an adequate showing of proof;

(c) Counsel fees to Westermann Sheehy Keenan Samaan & Aydelott, LLP in the amount of $34,048.68, subject to an adequate showing of proof;

(d) And net project losses of $296,493.23; and it is further

**ORDERED** that within **14 days** of the date of this Order, Plaintiff shall submit to the Court a proposed judgment with respect to Gregory Reynholds for entry by the Court, which includes the full amount due and owing to Plaintiff along with supporting documentation for Beacon's consulting fees and counsel fees; and it is further

**ORDERED** that Utica's Motion for Summary Judgment against defendant Elizabeth Reynholds is **DENIED** without prejudice; it is further

**ORDERED** that as against defendant Elizabeth Reynholds this matter is **STAYED** pending the outcome of her bankruptcy matter; and it is further

**ORDERED** that this case is administratively terminated with respect to Elizabeth Reynholds with leave to reopen upon the resolution of Elizabeth Reynholds' bankruptcy proceedings; and it is further

**ORDERED** that the Clerk of the Court is to **CLOSE** this case.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**